# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| RIVERPORT INSURANCE COMPANY, | Case No. 18-CV-4041-LTS |
| Plaintiff, | |
| v. | |
| JONATHAN ESPINOZA, STATE STEEL SUPPLY CO., ALL IN A DAY, LLC, and NORMAN DIVIS, | |
| Defendants. | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Riverport Insurance Company ("Riverport"), for its Complaint for Declaratory Judgment against Defendants, Jonathan Espinoza, State Steel Supply Co., All in a Day, LLC, and Norman Divis (collectively "the Defendants"), alleges as follows:

## THE PARTIES

1. Riverport is, and at all relevant times, has been a corporation organized under the laws of the State of Delaware, with its principal place of business located in the State of Minnesota.

2. Upon information and belief, Jonathan Espinoza ("Espinoza") is an individual residing in Sioux City, Iowa.

3. Upon information and belief, State Steel Supply Co. ("State Steel") is a corporation organized under the laws of the State of Iowa, with its principal place of business in Sioux City, Iowa.

4. Upon information and belief, All In A Day, LLC, a.k.a. Aventure Staffing ("Aventure"), is a corporation organized under the laws of Iowa, with its principal place of business in Sioux City, Iowa.

5. Upon information and belief, at all relevant times hereto, Norman Divis ("Divis") is an individual residing in Sioux City, Iowa.

## JURISDICTION

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because the citizenships of the parties are diverse and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

## VENUE

7. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this litigation occurred in this judicial district.

## THE UNDERLYING LAWSUIT

8. On approximately October 27, 2016, Espinoza filed a petition against State Steel and Divis in Iowa District Court for Woodbury County, case no. LACV 192897 ("the Underlying Lawsuit"). (A copy of the Petition is attached hereto as **Exhibit A**).

9. The Petition alleges that Espinoza was injured on December 4, 2014 at State Steel's place of business when his head was compressed between a metal shear and a bundle of sheet metal that Divis was maneuvering and moving with an overhead crane. (Exh. A, ¶ 4).

10. The Petition alleges that Divis was an employee of State Steel at the time Espinoza was injured. (Exh. A, ¶ 3).

11. The Petition alleges that Espinoza was working at State Steel's place of business through a written staffing agreement entered into between State Steel and Aventure ("the Client Services Agreement"). (Exh. A, ¶¶ 5-6).

12. Aventure is not named as a defendant in the Underlying Lawsuit.

13. The Petition alleges that the proximate cause of Espinoza's injuries was the negligence of State Steel and its employee, Divis. (Exh. A, ¶ 10).

14. The Petition alleges that State Steel is vicariously liable for the negligence of Divis, and that State Steel itself was actively negligent. (Exh. A, ¶¶ 8, 12).

15. State Steel and Divis have asserted that they are entitled to defense and indemnity for the claims asserted against them in the Underlying Lawsuit pursuant to the terms of the Client Services Agreement.

16. State Steel and Divis have tendered defense and indemnity of the Underlying Lawsuit to Aventure and to Riverport pursuant to the Client Services Agreement.

17. Riverport is providing State Steel and Divis with a defense to the Underlying Lawsuit subject to a reservation of rights to deny all coverage and to withdraw from the defense.

## THE RIVERPORT POLICY

18. Riverport issued a workers compensation and employers liability policy of insurance to Aventure for the period March 1, 2014 to March 1, 2015, Policy No. WC-14-89-002125-06 ("Policy"). (A copy of the Policy is attached hereto as **Exhibit B** and is Bates-labeled RIVERPORT0001-42).

19. The Policy includes the following pertinent provision concerning who is an insured under the Policy:

**GENERAL SECTION**

. . .

B. **Who is Insured**

> You are insured if you are an employer named in Item 1 of the Information Page. If that employer is a partnership, and if you are one of its partners, you are insured, but only in your capacity as an employer of the partnership's employees.

. . .

(Exh. B, at RIVERPORT0004).

20. State Steel and Divis are not listed in Item 1 of the Information Page.

21. State Steel and Divis do not qualify as "insureds" under the Policy.

22. State Steel and Divis are also not added as "additional insureds" under any endorsement to the Policy.

23. The Policy's "Part One – Workers Compensation Insurance" generally provides coverage for benefits required to be paid by the applicable workers compensation law. (Exh. B, at RIVERPORT0004).

24. The Petition does not seek payment of workers compensation benefits and therefore Part One does not apply to the Underlying Lawsuit.

25. The Policy's "Part Two – Employers Liability Insurance" includes the following provisions concerning defense:

D. **We Will Defend**

> We have the right and duty to defend, at our expense, any claim, proceeding or suit against you for damages payable by this insurance. We have the right to investigate and settle these claims, proceedings and suits.
>
> We have no duty to defend a claim, proceeding or suit that is not covered by this insurance. We have no duty to defend or continue defending after we have paid our applicable limit of liability under this insurance.

(Exh. B, RIVERPPORT0006).

26. Because State Steel and Divis do not qualify as "insureds" or "additional insureds" under the Policy, Riverport has no obligation to defend them in the Underlying Lawsuit.

27. Part Two of the Policy includes the following provisions concerning Riverport's obligations to provide indemnity coverage:

### PART TWO
### EMPLOYERS LIABILITY INSURANCE

A. **How This Insurance Applies**

This employers liability insurance applies to bodily injury by accident or bodily injury by disease. Bodily injury includes resulting death.

1. The bodily injury must arise out of and in the course of the injured employee's employment by you.

2. The employment must be necessary or incidental to your work in a state or territory listed in Item 3.A. of the Information Page.

3. Bodily injury by accident must occur during the policy period.

4. Bodily injury by disease must be caused or aggravated by the conditions of your employment. The employee's last day of

5

301700170v1 1004015

Case 5:18-cv-04041-LTS-MAR   Document 1   Filed 05/09/18   Page 5 of 9

last exposure to the conditions causing or aggravating such bodily injury by disease must occur during the policy period.

    5.    If you are sued, the original suit and any related legal actions for damages for bodily injury by accident or by disease must be brought in the United States of America, its territories or possessions, or Canada.

B.    **We Will Pay**

We will pay all sums that you legally must pay as damages because of bodily injury to your employees, provided the bodily injury is covered by this Employers Liability Insurance.

The damages we will pay, where recovery is permitted by law, include damages:

    1.    <u>For which you are liable to a third party by reason of a claim or suit against you by that third party to recover the damages claimed against such third party as a result of injury to your employee</u>;

    2.    For care and loss of services; and

    3.    For consequential bodily injury to a spouse, child, parent, brother or sister of the injured employee; provided that these damages are the direct consequence of bodily injury that arises out of and in the course of the injured employee's employment by you; and

    4.    Because of bodily injury to your employee that arises out of and in the course of employment, claimed against you in a capacity other than as employer.

(Exh. B, at RIVERPORT0005) (Emphasis added).

28.    Mr. Espinoza was an employee of Aventure's at the time he was injured, and State Steel qualifies as a "third party" as that term is used in paragraph B.1. of Part Two.

29.    However, Part Two of the Policy also includes the following exclusion:

C.    **Exclusions**

6

301700170v1 1004015
Case 5:18-cv-04041-LTS-MAR   Document 1   Filed 05/09/18   Page 6 of 9

> This insurance <u>does not cover</u>:
>
> 1. <u>Liability assumed under a contract</u>. This exclusion does not apply to warranty that your work will be done in a workmanlike manner;

(Exh. B, RIVERPORT0006) (Emphasis added).

30. Any damages awarded against State Steel in the Underlying Action could only be based on a finding of negligence or fault on the part of State Steel and/or its employee Divis, for whom State Steel would be vicariously liable.

31. If it is somehow determined that Aventure owes indemnity to State Steel or Divis for defense fees and costs incurred by them, or for damages awarded against them in the Underlying Lawsuit, this indemnity obligation does not arise under the common law because Aventure does not have any common law obligation to indemnify State Steel or Divis for their own negligence.

32. If it is determined that Aventure owes indemnity to State Steel or Divis for defense fees and costs incurred by them, or for damages awarded against them in the Underlying Lawsuit, this indemnity obligation can only arise as a result of Aventure's contractual obligations under the Client Services Agreement.

33. Exclusion C.1. therefore applies to preclude coverage under the Policy for any claim for indemnity by State Steel or Divis against Aventure or Riverport relating to the Underlying Lawsuit.

## COUNT I

34. Riverport realleges and incorporates by reference the allegations in paragraphs 1 through 33 of this Complaint.

7

301700170v1 1004015
Case 5:18-cv-04041-LTS-MAR   Document 1   Filed 05/09/18   Page 7 of 9

35. An actual controversy exists between the parties as to Riverport's obligations under the Policy as they relate to the Underlying Lawsuit.

36. Riverport is entitled to a declaration that it has no obligation under the Policy to continue defending State Steel or Divis in the Underlying Lawsuit.

37. Riverport is entitled to a declaration that it is entitled to withdraw from the defense of State Steel and Divis in the Underlying Lawsuit.

38. Riverport is entitled to a declaration that it has no obligation under the Policy to indemnify State Steel or Divis for any defense fees and costs they have incurred in the Underlying Lawsuit.

39. Riverport is entitled to a declaration that it has no obligation under the Policy to indemnify State Steel or Divis for any damages awarded against them in the Underlying Lawsuit.

40. Riverport is entitled to a declaration that it has no obligation to provide coverage to Aventure under the Policy for any claim for indemnity asserted against Aventure by State Steel or Divis.

## **JURY DEMAND**

41. Riverport demands a jury trial of any factual issues pursuant to Rule 38 of the Federal Rules of Civil Procedure.

WHEREFORE, Riverport respectfully requests that the Court:

  a. Determine and adjudicate the rights and liabilities of the parties with regard to the Policy;

  b. Enter an Order granting the relief requested in Count I of this Complaint.

c. Enter an Order granting Riverport such other and further relief that the Court deems proper under the facts and circumstances.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

/s/ Paulette S. Sarp
Paulette S. Sarp (AT0011748)
333 South 7th St., Suite 2000
Minneapolis, MN 55402
Tel: (612) 334-2626
Fax: (612) 334-8888
psarp@hinshawlaw.com

ATTORNEYS FOR PLAINTIFF
RIVERPORT INSURANCE COMPANY